**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Chalmers,<br><br>                    Plaintiff,<br><br>          vs.<br><br>Intel Corporation, a Delaware corporation,<br><br>                    Defendant. | No. CV-12-00020-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 8) filed by Defendant Intel Corporation. For the reasons described below, the motion is **DENIED.**[1]

## BACKGROUND

Defendant Intel Corporation hired Plaintiff William Chalmers on January 10, 1994. (Doc. 5 ¶ 4.) Over the course of the next 14 years, Chalmers continued his work at Intel and received two promotions. (*Id.* ¶ 6.) In 2008, Chalmers was diagnosed with Graves disease. (*Id.* ¶ 8.) Chalmers claims that, over the course of the next four years, Intel and its employees refused to give him appropriate accommodations for his disease that amounted to discrimination based upon his disability. (*Id.* ¶¶ 15-29.)

---

[1] The Parties' requests for oral argument are denied because the parties have had an adequate opportunity to discuss the law and evidence and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

1       On January 4, 2012, Chalmers filed his first complaint against Intel, alleging that

2  Intel violated the Rehabilitation Act. (Doc. 1 ¶¶ 30-38.) After the Equal Employment

3  Opportunity Commission ("EEOC") issued a notice of right to sue, Chalmers amended

4  his complaint on April 23, 2012 to include a claim under the Americans With

5  Disabilities Act ("ADA"). (Doc. 5 ¶¶ 41-50.) Intel filed this motion on May 16, 2012 to

6  dismiss the Rehabilitation Act claim for failure to exhaust administrative remedies.

7  (Doc. 8.)

8                      **ANALYSIS**

9       "[T]he failure to exhaust nonjudicial remedies . . . should be treated as a matter in

10  abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion

11  for summary judgment."  *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  "In

12  deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may

13  look beyond the pleadings and decide disputed issues of fact. If the district court

14  concludes that the [plaintiff] has not exhausted nonjudicial remedies, the proper remedy

15  is dismissal of the claim without prejudice."  *Id.* at 1119-20 (citation omitted).

16       The only question raised by this motion is whether Chalmers was required to

17  exhaust his administrative remedies before filing his Rehabilitation Act claim. Section

18  504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a

19  disability in the United States . . . shall, solely by reason of her or his disability, . . .be

20  subjected to discrimination under any program or activity receiving Federal financial

21  assistance." 29 U.S.C. § 794(a) (2006). The Ninth Circuit has stated that "private

22  plaintiffs suing under section 504 need not first exhaust administrative remedies." *Smith*

23  *v. Barton*, 914 F.2d 1330, 1338 (9th Cir. 1990). In 1992, however, Congress made the

24  following amendment to § 504 of the Rehabilitation Act:

25        The standards used to determine whether this section has been violated in a
           complaint alleging employment discrimination under this section shall be
26       the standards applied under title I of the Americans with Disabilities Act of
           1990 (42 U.S.C. § 12111 et seq.) and the provisions of sections 501 through
27       504, and 510, of the Americans with Disabilities Act of 1990 (42 U.S.C.
           § 12201 to 12204 and 12210), as such sections relate to employment.
28

29 U.S.C. § 794(d). Intel argues that the 1992 amendment's reference to ADA standards also imported the ADA's exhaustion requirement into the Rehabilitation Act. *See, e.g.*, *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000) ("A plaintiff must file a timely charge of discrimination with the EEOC as a prerequisite to maintaining an ADA action.") The Ninth Circuit has not addressed the effect, if any, of the 1992 amendment.

According to its very terms, however, the 1992 amendment imported the standards of the ADA only "to determine whether this section has been *violated*." 29 U.S.C. § 794(d) (emphasis added). Whether a plaintiff has exhausted her administrative remedies is not the same question as whether the employer has violated the Act. Exhaustion of administrative remedies is a procedural question. And the Rehabilitation Act pre- and post-1992 amendment has had a separate provision for procedural questions: "The remedies, *procedures*, and rights set forth in title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq.) . . . shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under section 794 of this title." 29 U.S.C. § 794a(a)(2) (emphasis added). The administrative remedies available under Title VI of the Civil Rights Act include "an administrative procedure that can lead to the withdrawal of federal funding from programs or activities that discriminate on the basis of race, color, or national origin, but [Title VI] does not require that plaintiffs exhaust the administrative process before bringing suit." *Freed v. Consol. Rail Corp.*, 201 F.3d 188, 191-92 (3d Cir. 2000). That is because those remedies do not afford individual relief. *See Kling v. Los Angeles Cnty.*, 633 F.2d 876, 879 (9th Cir. 1980) (reasoning that "exhaustion of . . . administrative remedies is not required before one files a private action because the procedures do not afford individual complainants adequate relief"). The lack of individual relief under the Title VI procedural scheme—and therefore under the Rehabilitation Act—was the rationale underpinning the Ninth Circuit's holding in *Smith*

1   that exhaustion was not required for Rehabilitation Act claims. *See* 914 F.2d at 1338

2   ("Furthermore, administrative remedies, which result in suspension or termination of the

3   federal assistance to the institutional recipient, do not afford individual complainants

4   adequate relief. Therefore, private plaintiffs suing under section 504 need not first

5   exhaust administrative remedies."). That rationale remains unaffected by the 1992

6   amendment, which addressed standards for determining whether the Act had been

7   violated, and not the proper procedure for filing a lawsuit.

8       Every circuit to address the question of whether the Rehabilitation Act requires a

9   plaintiff suing a private employer under the Rehabilitation Act to exhaust administrative

10  remedies has answered in the negative. *See, e.g.*, *Freed*, 201 F.3d at 191-92; *Brennan v.

11  King*, 139 F.3d 258, 269 n.12 (1st Cir. 1998) ("Unlike the ADA and the Massachusetts

12  statutes, the Rehabilitation Act does not require exhaustion. The Rehabilitation Act

13  derives its procedural requirements from Title VI, which does not have an exhaustion

14  requirement."); *Tuck v. HCA Health Servs. of Tenn., Inc.*, 7 F.3d 465, 470-71 (6th Cir.

15  1993) ("In the context of private employers and private employees, however, there is no

16  exhaustion requirement."). Their rationale mirrored *Smith*: "This judicial trend

17  developed because the applicable remedies provide no individual relief, including no

18  damage orders against an employer." *Tuck*, 7 F.3d at 471. In addition, the Title VI

19  procedural regulations adopted by the Rehabilitation Act are the same as those found in

20  Title IX of the Education Amendments of 1972. With regard to Title IX, the Supreme

21  Court held that plaintiffs were under no requirement to exhaust their administrative

22  remedies because Title IX procedures provide no individual remedy. *Cannon v. Univ. of

23  Chicago*, 441 U.S. 677, 706–08 n.41 (1979). *Smith* and its rationale remain good law

24  despite the 1992 amendments.

25      In response, Intel relies on a recent decision by this Court, which did reject an

26  argument by a private employer that the Rehabilitation Act did not require exhaustion:

27  "Defendant argues that the Rehabilitation Act contains no exhaustion requirement . . .

28  This is not correct." *Staton v. U.S. Airways Inc.*, CV10-1619-PHX-DGC, 2011 WL

855789 at *4 (D. Ariz. Mar. 11, 2011) [2]. However, each case cited in *Staton* concerned claims against a federal employer. *See Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir. 2003) (against U.S. Postal Service); *Leorna v. U.S. Dep't of State*, 105 F.3d 548, 550 (9th Cir. 1997); *Vinieratos v. U.S.*, 939 F.2d 762, 773 (9th Cir. 1991). Federal employees and their employers operate under a different set of regulations that require federal employees to consult an EEO counselor before resorting to litigation. *See Leong*, 347 at 1121-22; *Leorna*, 105 F.3d at 550; *see also* 29 C.F.R. §§ 1614.103(a), 1614.105(a) (requiring federal employee to consult a counselor before filing "[i]ndividual and class complaints of employment discrimination and retaliation prohibited by . . . the Rehabilitation Act (discrimination on the basis of disability)."). Thus the Rehabilitation Act has a different set of requirements for federal vis-à-vis private employees. *Compare Smith*, 914 F.2d at 1338 *with Leong*, 347 at 1121-22. *See also Freed*, 201 F.3d at 191-92 (noting that "federal employees must exhaust Title VII administrative remedies before filing suit against a federal employer under section 504" but holding that private employees suing private employers do not). Of course, "[a] decision by another district court is not binding on this court." *Kentera v. Fremont Inv. & Loan*, CV–10–8259–PCT–GMS 2012 WL 1438683 at *2 (D. Ariz. Apr. 26, 2012). In this Court's view, *Smith* remains binding authority for claims against private employers.

## CONCLUSION

Because exhaustion is not required before bringing a claim under the Rehabilitation Act, Intel's motion to dismiss will be denied.

/ / /

/ / /

---

[2] The exhaustion issue arose somewhat tangentially in *Staton*. The employer sought to dismiss its employee's Rehabilitation Act claim under the statute of limitations. 2011 WL 855789 at *4. The employee responded by asserting that the statute of limitations had been tolled while he exhausted his administrative remedies. *Id.* The employer then argued that the Rehabilitation Act had no exhaustion requirement, an argument which the Court rejected and therefore allowed the statute of limitations to be tolled. *Id.* at *4-5.

**IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 8) is **DENIED**.

Dated this 1st day of October, 2012.

G. Murray Snow
United States District Judge